[No. 3,861.]

E. McDONALD *v.* CHARLES FETT AND A. PRESCOTT.

SURETY ON ATTACHMENT BOND.—The liability of a surety on an attachment bond is on his contract. He is not liable as a trespasser, for a seizure of property attached by the sheriff, even if the bond was void.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

Action to recover damages for an alleged wrongful seizure of personal property. On the trial, it appeared in evidence

that an attachment had been issued against the plaintiff's property, and that the defendant Fett had signed the attachment bond, but had no connection with the seizure of the plaintiff's property by the officer, except as surety on the bond. It also appeared that the undertaking was void. The other defendant had not been served with process, and did not appear. The Court rendered judgment for the defendant, and the plaintiff appealed.

*Hamilton, Norton & Bullock* and *Myres & Fellows,* for the Appellant.

We claim that Fett, having performed an act indispensable to the issuance of the writ, and the perpetration of the wrong, is as clearly connected with it, as the party making the affidavit, or suing out the summons.

The statute itself connects the surety with the wrong, in holding him responsible for damages. Had the undertaking been good, his connection and liability were fixed by statute; and its being void, he is no less connected with its. consequences. Upon the contrary, he does the very thing that causes them.

The surety was bound to know that his undertaking was void—that it afforded the plaintiff no protection, and that he was aiding, assisting and countenancing a trespass.

The writ having issued without the undertaking required by law, was issued without authority, and all concerned were trespassers. (11 John. 175 and 444.)

*Hale & Craig,* for the Respondent.

By the Court, Niles, J.:

By the act of signing an attachment bond, the surety does not become a participant in the seizure or detention of the attached property by the Sheriff, or liable as a trespasser for such acts. His liability arises under his contract merely, and is limited by its terms and conditions.

Judgment affirmed.

Mr. Justice Rhodes did not express an opinion.