# Walker & Co., *et al. v.* Norris.

*Trespass.*

(Decided November 11, 1913.   Rehearing denied December 9, 1913.
63 South. 935.)

1. *Attachment; Wrongful Attachment.*—A party suing out a writ of attachment is not accountable for the acts of the officer in levying the writ unless he participated in or ratified the unlawful act, although he received the proceeds of levy and sale, and although the officer levying a valid writ of attachment is liable as a trespasser where he seizes the goods of a person not named in the writ.

2. *Same; Ratification.*—In the absence of evidence showing full knowledge on his part of the tortious nature of the seizure, mere appropriation of the proceeds of a sale of property taken under attachment by the attaching creditor will not show ratification of the officer's wrongful act.

3. *Same.*—Where attaching creditors were notified by plaintiff before the sale of the property attached that it did not belong to the debtor, but belonged to the plaintiff, and the creditors were present at and participated in the sale, their conduct was a ratification of the unlawful levy and rendered them equally liable as trespasser.

4. *Same.*—A surety on the bond of an attaching creditor is not liable for the wrongful attachment of goods belonging to a third person, even though his principal ratified the tort of the attaching officer.

5. *Same; Recovery on Bond.*—Where the action was trespass by the plaintiff whose goods were seized under a writ of attachment directed against another, judgment cannot be rendered in favor of plaintiff on the attachment bond, it not appearing that the bond had been assigned to plaintiff, and it being necessary for plaintiff to declare upon a breach of the bond in order to have relief on the bond.

6. *Pleading; Evidence to Support.*—Where no evidence was offered in support of defendant's plea, plaintiff becomes entitled to the general charge.

7. *Appeal and Error; Assignment; Joint.*—Where the court gave an affirmative charge in favor of the surety of the attaching creditor, and the jury improperly returned a verdict against all of the defendants, a judgment rendered on such verdict cannot be disturbed where it is jointly assigned by all of defendants as contrary to the charge, it appearing that the judgment was correct as to some of defendants.

8. *Same; Presentation in Court Below; Necessity.*—Where it does not appear from the record that the written charges were requested before the jury retired to consider the verdict, the appellate court will not consider the propriety of the refusal of such request.

9. *Same; Determination.*—Where the judgment improperly allowed plaintiff to recover on an attachment bond given to a third person, the judgment for plaintiff being correct as against some of the parties, will not be reversed and remanded, but the unauthorized portion of it will be stricken.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by Rosa Norris against J. H. Walker & Co. and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The judgment entry and addition is as follows: "On this, the 22d day of November, 1911, come the parties by attorneys. By leave of the court, the defendant files

demurrers to replications 1 and 2 to pleas 3, 4, 5, 6, and 7, which being understood and considered by the court, it is ordered, considered, and adjudged by the court that the said demurrers be and they are hereby sustained; and, issue being joined thereupon, comes a jury of good and lawful men, etc., who, upon their oaths, say: 'We, the jury, find the issue in favor of the plaintiff, and assess the damages at forty dollars.' It is therefore considered and adjudged by the court that the plaintiff recover judgment against the defendant for the said $40 and the costs of this prosecution; and, it appearing to the court that the case was a suit on attachment, and that the defendant J. H. Walker & Co. entered into bond in the sum of $109.80, with W. R. Thomason and J. T. Newborn as his sureties, conditioned as provided by law for the damages and costs of suit, it is therefore considered and adjudged by the court that plaintiff recover judgment against said J. H. Walker & Co., W. R. Thomason, and J. T. Newborn for the said $40, and the costs of this suit and the court below, for which let execution issue."

M. M. & VICTOR H. SMITH, for appellant. There was no evidence tending to show defendants' ratified the act of the sheriff with knowledge of his tortious acts, and this was necessary.—*Burns v. Campbell,* 71 Ala. 271; *Brock v. Berry & Co.,* 132 Ala. 95; 15 Cyc. 1572. These principles settle the question at issue here and called for a reversal of the judgment renderd. On these authorities, the charges requested by defendant should have been given.

N. B. SPEARS, and W. H. SMITH, for appellee. Counsel discuss the errors assigned, but without citation of authority.

THOMAS, J.—This is an action of trespass de bonis asportatis, brought by the appellee Rosa Norris against J. H. Walker & Co., the plaintiffs, and W. R. Thomason, one of the sureties on their bond given in an attachment suit brought by said J. H. Walker & Co. against I. Z. Norris, the husband of the present plaintiff, in which suit the sheriff, under the authority of the writ of attachment issued therein (which was in all respects regular and valid), levied upon and sold in that suit, as the property of said I. Z. Norris, certain household goods, which are alleged in the present suit to have been the property of the present plaintiff, and for the trespass in taking and selling which she now sues. From a judgment in the latter's favor, the defendants appeals.

It is well settled that the officer levying a valid writ of attachment is liable as a trespasser where he seizes thereunder the goods of a person not named in the writ (28 Am. & Eng. Ency. Law, 587) ; but the party who procures the issuance of the process is not accountable for the acts of the officer in executing it, however unlawful that may be, even where he or his principal receives the fruits of the levy and sale, unless he advised, or encouraged, or directed the levy, or was present at it, or induced it by executing an indemnity bond, or in some way participated in, or, with full knowledge of the facts, subsequently ratified, the unlawful act. The mere appropriation of the proceeds of the sale of the property when turned over to him by the officer levying the writ, in the absence of evidence showing a full knowledge on his part of the tortious character of the seizure and sale by such officer of the property, is not sufficient proof of the ratification of the officer's wrongful act.—*Burns v. Campbell,* 71 Ala. 271; *Brock v. Berry,* 132 Ala. 102, 31 South. 517; 90 Am. St. Rep. 896; *Oates v. Bullock,* 136 Ala. 546, 33 South. 835, 96 Aa. St. Rep. 38; *Leinkauf*

*v. Morris*, 66 Ala. 406.   See *Bradshaw v. Frazier*, 86 Am.
St. Rep., and cases cited in notes on pages 407; 408; 26
Am. & Eng. Ency. Law (1st Ed.) 604, 605, and notes;
28 Am. & Eng. Ency. Law (2d Ed.) 568.

Here the evidence tends to show that at the time of
levy of the attachment, which was sued out on the
ground that the defendant therein, I. Z. Norris (hus-
band, as said, of the present plaintiff), "is about to re-
move his property out of the state," etc., the household
goods seized were at the depot at Pell City, Ala., sent
there by the present plaintiff, for shipment to Atlanta,
Ga., to which latter point she and the defendant in at-
tachment, her said husband, were preparing to move.
And while it is true that there is no evidence that either
of the defendants in the present suit either was present
at the levy or directed it or executed an indemnity bond
in order to procure it to be made, there is evidence that,
after it was made, and before the sale of the property,
the present plaintiff went to them and informed them,
the plaintiffs in the attachment suit, that the property
levied upon was hers, and demanded that it be releas-
ed, which was refused.   There is further evidence that,
after this information as to plaintiff's ownership of the
property, these defendants, to whom it was imparted,
attended the sheriff's sale of the property, through a
duly authorized agent, and bought in a part of the
property at such sale, and accepted the proceeds of the
sale in discharge of their debt for which the attachment
was sued out.   We think this evidence, if believed by
the jury, sufficient to sustain a finding of ratification
on the defendants' part of the sheriff's wrongful act in
making the levy.   They were present at and participated
in the sale made and accepted its fruits, with full notice
of plaintiff's title to the property, and of the consequent
tortious act of the sheriff in making the levy, without

which wrongful levy they knew that the sale, in which they participated, could not be had.—*Brock v. Berry,* and the other authorities supra; *Norman v. Horn,* 36 Mo. App. 419; *Evarts v. Hyde,* 51 Vt. 183.

These observations do not apply, however, to the defendant Thomason, whose only connection with the levy or sale is the fact that he signed the attachment bond as one of the sureties for the other defendants, J. H. Walker & Co. The court properly gave the general affirmative charge in his favor; but the jury erroneously returned a general verdict against all the defendants—excepting none. There was judgment accordingly, which all the defendants, separately and severally, moved to set aside, and for the granting of a new trial, on the ground, among others, that the verdict was contrary to this charge of the court. The motion was overruled. The assignments of error here, predicated on this action of the court, are joint, and not separate and several. The rule in such case is that, in order for the error complained of to justify a reversal of the case, it must appear to have been injurious to all the parties complaining. See cases cited under rule 1 of Supreme Court Rules, Code, p. 1506. The error of the court in the particular mentioned was certainly not injurious to J. H. Walker & Co., but only to the defendant Thomason, and hence cannot, under the authorities, work a reversal of the judgment appealed from when assigned as error either by J. H. Walker & Co. alone or by them jointly with Thomason.

The other grounds of the motion (besides one to the effect that the verdict was contrary to the evidence, our opinion on which, adverse to appellants, is hereinbefore sufficiently indicated and discussed) were based upon the refusal of the court to give certain written charges. It is a sufficient answer to these grounds of the motion,

as well as to the several assignments of error here based on the ruling of the court in refusing such charges, to say, without further consideration, that we have examined the record with care, and nowhere find that these charges were requested before the jury retired to make up their verdict.—*Patterson v. State,* 8 Ala. App. 420, 62 South. 1023, 1027, and cases there cited.

The defendants attempted to set up in their third plea an estoppel on the part of the plaintiff to assert her title to the property in that (in the language of the plea) "plaintiff so mixed and confused her property with that of her husband, I. Z. Norris, against whom defendants had sued out a writ of attachment on the 29th day of April, 1909, that the property of plaintiff could not be distinguished from that of said Norris," etc. The plea, though clearly defective (*Burns v. Campbell,* 71 Ala. 271; Am. & Eng. Ency. Law, 659; *Lehman-Durr v. Kelly,* 68 Ala. 192), was not demurred to; but issue was joined on it. However, we are of opinion that there was no proof to sustain the material allegation quoted of the plea, and that therefore the court did not err in affirmatively charging to this effect, upon the request of the plaintiff in writing.

There was a general judgment in the usual and proper form, following the verdict, against all the defendants. Immediately following it, and in the same minute entry, there is an additional judgment rendered in favor of the present plaintiff on the attachment bond hereinbefore referred to as being given by the present defendants, J. H. Walker & Co., as principals, and W. R. Thomason and J. T. Newborne, as sureties, to the husband of the present plaintiff, I. Z. Norris, in order to procure the issuance against him of the attachment writ, which was wrongfully levied upon plaintiff's property, for which wrongful levy she is now suing in tres-

pass. (The reporter will set out the judgment entry in full—both the regular entry and the addition mentioned.) The present plaintiff, as seen, has no connection whatever with that bond, and, even if we were to assume, without either allegation or proof, that it had been transferred to her by her husband, the obligee named in it, the right of action in her, if the bond had been breached, could be enforced only by a suit on the bond. Certainly there was no authority of law, either in the statutes. or the common law (whether the bond had been transferred to her or not), for entering up a judgment upon it in her favor in this case, when it had not been sued upon. We presume that the entry came about through the mistake of the clerk, who, when writing out the minute entry of the judgment, probably incorporated in and added to the regular judgment the judgment on the attachment bond mentioned, upon the erroneous assumption that it was a security to plaintiff for all damages she might recover in the trespass suit, and that she was entitled to a judgment upon it, and against the principal and sureties thereon, for the amount of the judgment she might recover in this suit, the same as if it were an appeal bond executed by them in the present case. But, however this entry of the judgment on the bond may have come about, it was unauthorized, neither warranted by statute nor based upon any issue made by the pleadings.—11 Am. & Eng. Ency. Law, 879. One of the sureties, Newborn, against whom this judgment on the bond was also rendered, is not even a party to this suit. While, as said, the other surety, Thomason, and the principals, J. H. Walker & Co., are defendants to the suit, they are not entitled to a reversal on this appeal, when the only error of the lower court shown was that of entering into the regular judgment, complete in itself, the unauthorized por-

tion mentioned, which is so separate and distinct from the regular judgment that it can be stricken therefrom without affecting the validity of the latter. The judgment entry will be here corrected by striking the unauthorized portion, and, as so corrected, the judgment appealed from is affirmed.

Affirmed.