SUMMERLAND v. AUTOMOBILE FUNDING COMPANY.

[No. 12,071. Filed June 9, 1925. Rehearing denied June 26, 1925. Transfer denied December 17, 1925.]

1. ATTACHMENT.—*Liability of surety on attachment bond.*—The surety on an attachment bond is liable only to the attachment defendant, and that liability is limited by the terms of the bond. p. 31.

2. ATTACHMENT.—*Surety on attachment bond not liable for wrongful conversion of attached property by officers and attachment plaintiff.*—The surety on an attachment bond given in a justice court is not liable for wrongful conversion of the attached property by the justice, constable and plaintiff in attachment, as his liability is limited by the terms and conditions of his contract. p. 31.

From Marion Superior Court (A 20,706); *Sidney S. Miller*, Judge.

Action by the Automobile Funding Company against Hoyte A. Summerland and others. From a judgment for plaintiff, the named defendant appeals. *Reversed.* By the first division.

*Walter G. Todd*, for appellant.
*Carey & Cox*, for appellee.

REMY, C. J.—In a proceeding instituted in a court of a justice of the peace against Arthur Lieske, a certain automobile belonging to appellee was attached as the property of Lieske, in whose possession it was at the time. There was judgment for plaintiff, to satisfy which the automobile was sold by the constable. Whereupon, the case at bar, an action for the wrongful conversion of the automobile, was commenced by appellee against the justice of the peace, the constable, the plaintiffs in the attachment suit, the principal on the attachment bond, and against appellant Summerland who was the surety on the bond. The defendants, other than appellant, having failed to appear and answer ap-

pellee's complaint, were defaulted, and judgment for $250 rendered against them. Appellant appeared and filed answer, and a trial resulted in a judgment against him for $250. Summerland appeals.

It appears from the evidence introduced at the trial, that after Lieske was served with summons in the attachment suit, he notified the justice of the peace, in writing that the automobile did not belong to him, but did belong to appellee. Lieske did not deny that he owed the claim as alleged in the complaint in the attachment suit, and was not present at the trial of that cause. It also appears from the evidence on the trial of the instant case, that appellant Summerland's only connection with the attachment suit, and the sale of the automobile by the constable, was that he was surety on the attachment bond. As surety, his obligation was contractual. His only liability was upon the bond which was payable to Lieske, the defendant in the attachment suit. He was not, and could not have been, liable for the alleged wrongful conversion. As was said by the Supreme Court of California in its opinion in *McDonald* v. *Fett* (1874), 49 Cal. 354: "By the act of signing an attachment bond, the surety does not become a participant in the seizure or detention of the attached property by the sheriff, or liable as a trespasser for such acts. His liability arises under his contract merely, and is limited by its terms and conditions." See, also, *Walker* v. *Norris* (1913), 10 Ala. App. 515, 63 So. 935.

Reversed.