MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
This is an appeal from the District Court of the Seventeenth Judicial District, Valley County. John W. Webb, appellant, filed suit against the First National Bank of Hinsdale (Bank) alleging tortious interference with a contract for the sale of his cattle. He claimed that the Bank wrongfully induced the buyer, Glasgow Livestock Sales Company, Inc. (Glasgow Livestock) to place the Bank’s name on a check for the cattle as an additional payee. Appellant appeals an order granting the Bank’s motion for summary judgment. We affirm the District Court’s order.
From 1970 to 1977, appellant was a customer of the Bank and a good business relationship existed between them. In September 1977 the Bank refused to loan Webb additional money because of outstanding loans.
Appellant then secured financing from another lending institution, the first State Bank of Malta, and purchased 100 cows and 100 calves. He sold some of these cattle to Glasgow Livestock, in November 1978. The Bank, through its attorney, requested that Glasgow Livestock place the Bank’s name on the check for the cattle as an additional payee, along with the First State Bank of Malta and *162 another bank. The Bank claimed a right to have its name placed on the check because it claimed a security interest in appellant’s cattle based on past loans made to him. He countered that the money owed was secured only by certain trucking equipment and that the Bank could not collect this indebtedness out of the proceeds of the cattle sale.
Appellant delivered the check from Glasgow Livestock to the First Bank of Malta, where it was retained until appellant paid off their loan on January 31, 1979. The check was. then returned to appellant. Finally, on October 18, 1979, the Bank brought a collection action against appellant, Civil Action No. 15311.
Appellant responded by hiring an attorney and inquiring into the possibility of suing the Bank, claiming that it wrongfully induced Glasgow Livestock to place the Bank’s name on the check as a payee. The attorney reviewed the Bank’s records and concluded that such a suit would have no merit. He advised appellant to negotiate a settlement with the Bank. Subsequently, at appellant’s request, the attorney began settlement negotiations with the Bank. Appellant was at all times kept apprised of the negotiations. On December 18, 1979, his attorney and the Bank’s attorney stipulated that the collection action should be dismissed with prejudice. As part of this settlement, Webb endorsed the check from Glasgow Livestock over to the Bank and pursuant to the stipulation the Bank discounted its claim by the sum of $4,273.26. The collection action then was dismissed.
For nearly two years afterward there was no further communication between the parties. During that time, however, Webb hired a new attorney, and on November 6, 1981, filed the present action. He alleges that the Bank tortiously interfered with his contractual relations when it induced Glasgow Livestock to place the Bank’s name on the check as a payee. The Bank moved for summary judgment under Rule 56, M.R.Civ.P., claiming that the current action was fully settled when No. 15311 was dismissed by the stipulation. Webb responded that the stipulation for dismissal of Civil Action No. 15311 was intended for the settlement of that cause only and was not intended to settle all disputes between the parties. The stipulation and order to dismiss stated that the “above entitled action [No. 15311] be dismissed with prejudice as settled in full.” The District Court granted the Bank’s motion for summary judgment in the current action.
*163 Appellant appeals the granting of summary judgment. We consider three issues on the appeal:
(1) Whether the negotiated compromise was a full and final settlement which included appellant’s claim for tortious interference?
(2) Even if the compromise was a full and final settlement, are there genuine issues of material fact as to appellant’s intent, his counsel’s authority to enter the agreement and appellant’s ratification of the agreement which preclude summary judgment?
(3) Does either estoppel or res judicata bar the current litigation?
“. . . Rule 56(c), Mont.R.Civ.P. permits summary judgment to issue only when there is no genuine issue of material fact, and the moving party is entitled to the judgment as a matter of law.
“The moving party’s initial burden is two-fold. First, it must show the absence of any genuine issue as to material fact. Second, that party must also show that this set of facts entitles it to the judgment as a matter of law . . .
“In addressing the factual test, although the court has no duty to anticipate or speculate as to material facts to the contrary, it must nonetheless draw every inference in favor of the non-moving party.
“If the movant has met this burden, it then shifts to the non-moving party to demonstrate a genuine issue of material fact. Mere denial or speculation will not suffice, the non-moving party must show facts sufficient to raise a genuine issue.” (Citations omitted.) Gamble Robinson Co. v. Carousel Properties (Mont. 1984), [212 Mont. 305,] 688 P.2d 283, 286-287, 41 St.Rep. 1757, 1760-61.
In the first issue, the Bank argues the District Court properly granted summary judgment because the compromise and settlement in the first action is final and binding on the parties and bars the current action as a matter of law. Generally, a compromise agreement, when the basis for a final judgment operates “as a merger and bar of all preexisting claims and causes of action.” Rodriguez v. Fireman’s Fund Ins. Companies (Cal.1983), 142 Cal.App.3d 46, 54, 190 Cal.Rptr. 705, 709. In Rodriguez, the action concluded when the plaintiff accepted defendant’s settlement offer and the court entered a dismissal with prejudice. The California court equated this dismissal to a verdict and judgment on the merits barring any new actions. Rodriguez, 190 Cal.Rptr. at 710. Folsom v. Butte County Ass’n of Governments (1982), 32 Cal.3d 668, 186 Cal. Rptr. 589, 652 P.2d 437, characterizes a compromise agreement as “[concluding] all matters put in issue by the pleadings — that is, questions that otherwise *164 would have been resolved at trial.” Folsom, 186 Cal.Rptr. at 596, 652 P.2d at 444. In that case, the statutory rights to costs and attorney’s fees were held not to be part of the agreement since they were matters incident to the judgment rather than part of the cause of action. The court also noted the surrounding facts did not show the parties intended costs and fees be included in the agreement. These cases accord with the policy that “reciprocal rights flowing from a common source [should] be determined in a single action, thus avoiding not only unnecessary vexatious litigation but also the contingency of conflicting judgments . . . “ Kittle Mfg. Co. v. Davis (Cal.1935), 8 Cal.App.2d 504, 47 P.2d 1089, 1094, cited in Datta v. Staab (Cal.1959), 173 Cal.App.2d 613, 343 P.2d 977, 981.
Appellant’s argument may be summarized as an assertion that the dismissal with prejudice only had the effect of withdrawing the Bank’s claim. This would have merit if appellant had received nothing for the dismissal. However, the amount appellant owed was substantially reduced. He benefited from the settlement. The Bank received no benefit from agreeing to the discount and dismissal unless it served to end the litigation between the parties. The facts on which appellant relies for this cause of action all occurred prior to the time the Bank brought its collection action. The check at issue was signed and delivered to the Bank from appellant as part of the first settlement. His attorney stated, by affidavit, that “both parties wished to resolve the matter and avoid the costs of further litigation over who was a proper payee on the proceeds check ... or the amount due the bank.” He also stated that he “acted with the full knowledge and authority of [his] client, Mr. Webb, in negotiating and accepting the settlement.” The appellant stated by deposition that he discussed the presence of the Bank’s name on the check with his attorney and that the attorney advised him he “didn’t have a lawsuit” and should settle his differences with the Bank. The affidavits of other persons involved in the negotiations reflect that the parties discussed all issues including the question of who was the proper payee on the check and that the amount appellant paid the Bank in exchange for a discount of the amount due concluded all outstanding disputes. Appellant does not contradict the evidence showing the parties discussed the current claim and included it in their negotiations. He accepted the benefit of its inclusion, a reduction of the amount due. We hold that the dismissal with prejudice in the first action concluded the pre-existing claims between the par *165 ties. The Bank therefore was entitled to a summary judgment in its favor.
Appellant argues in the second issue that he never intended his attorney to have authority to settle his tortious interference claim, and that this raises a genuine issue of material fact precluding summary judgment. We agree with his contention that the compromise agreement may not be fully binding unless the attorney has the authority to enter the agreement. However, appellant’s remedy is to bring an action to set aside the agreement. McGinley v. Maryland Casualty of Baltimore (1929), 85 Mont. 1, 277 P. 414. The client in McGinley knew how the settlement had been accomplished and took no action to set it aside for nearly a year.
“If defendant has ratified the acts of its attorney, it will not be heard to complain, and slight evidence of acquiescence on the client’s part will be deemed a ratification of the acts of the attorney in making the compromise. (Thornton on Attorneys at Law, p. 400, sec 222.) These principles find recognition in the case of Harris v. Root, 28 Mont. 159, 72 P. 429, relied upon by defendant. Here the stipulation and dismissal took place in July, 1926. The defendant’s answer in this case was filed in July, 1927, which shows knowledge at that time of the settlement, and, though this action was not tried until June, 1928, the record fails to show any affirmative action taken by the defendant to repudiate the settlement agreement. Such conduct on the part of the defendant is tantamount to a ratification of the settlement and dismissal of the former action.” 85 Mont. at 10. When his attorney wrote him a letter advising him of the result of the negotiations, appellant accepted the offer and acknowledged the discount of the amount he owed the Bank. This shows his knowledge at the time of the settlement. Appellant acquiesced for nearly two years in the benefits of the bargain and with specific knowledge of its terms. His conduct amounts to a ratification of the settlement and dismissal under McGinley, 85 Mont. 1, 277 P.414, and Harris, 28 Mont. 159, 72 P. 429. In addition, his attorney stated he had appellant’s express authority to “negotiate a settlement of the outstanding differences” between appellant and the Bank. Appellant’s claim that the attorney lacked authority, absent any action to set aside the agreement, does not raise a factual question material to the current action of tortious interference against the Bank. The District Court correctly found that his contentions at this late date were not material and would not preclude summary judgment.
The Bank argues that estoppel and res judicata also bar appel *166 lant’s current action against it. The District Court mentioned both doctrines as possible bases for summary judgment. Our holdings on the first two issues dispose of this appeal. We therefore do not address this issue.
The order of the District Court is affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY and HUNT concur.