No. 85-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

O'NEAL, BOOTH and WILKES, P.A.,

Plaintiff and Respondent,

-vs-

MARY ANN ANDREWS,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Nye & Meyer, P.C.; Jerrold L. Nye, Billings, Montana

For Respondent:

English & Lee; Bruce E. Lee, Billings, Montana

---

Submitted on Briefs: Nov. 29, 1985

Decided:    January 21, 1986

Filed:    JAN 21 1986

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Mary Ann Andrews appeals the March 11, 1985, order of the Thirteenth Judicial District Court of Montana, granting summary judgment to O'Neal, Booth & Wilkes, P.A., on all issues raised by Andrews in a counterclaim. We affirm.

While visiting Florida in December of 1983, Andrews, a Montana resident, expressed an interest in purchasing a piece of land near Fort Lauderdale, Florida. The real estate agent suggested Andrews obtain the law firm of O'Neal, Booth & Wilkes (respondent) to represent her at closing. Respondent agreed to handle the closing for $750 in attorney's fees and $300 for title insurance. After leaving an earnest money deposit of $1,000 with respondent, Andrews returned to Montana.

In mid-January, 1984, respondent notified Andrews the seller was ready to close. Andrews flew to Florida, only to have the seller refuse to close the transaction. Despite the failure of the proposed transaction, respondent requested its fees and title insurance costs. Andrews' offer to settle for $600 was refused.

Thereafter, respondent brought suit against Andrews in Broward County Court, Florida, seeking $2,000. Following a trial at which Andrews was represented by counsel, respondents were awarded $1,500, plus costs and interest for a total of $1,729.63. Respondents executed on and received the $1,000 real estate deposit.

On October 10, 1984, respondent filed a complaint in the Thirteenth Judicial District Court of Montana, seeking the remaining amount due and owing, interest, attorney's fees and costs. Andrews filed a counterclaim alleging, among other things, breach of the fiduciary duty owed her, constructive

2

fraud, actual fraud, coercion, failure to settle the fee claim in good faith and malicious suing of Andrews in both the Florida and the Montana courts.

Andrews submitted extensive discovery to respondent, which went unanswered. Andrews then filed a motion to compel. Prior to any action on Andrews' motion, respondent filed motions for summary judgment on its complaint and Andrews' counterclaim. A hearing was held January 10, 1985, and respondent's motions were granted.

Andrews appeals, raising the following issues:

1. Can summary judgment be granted to a party who has failed to respond to discovery necessary to determine material facts of the case?

2. Was the principle of res judicata properly applied in this case?

Summary judgment may not be granted to a party who has failed to respond to discovery necessary to determine material facts of a case. Rule 56(c), M.R.Civ.P.

> This Court has consistently held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitled him to a judgment as a matter of law (emphasis added) (citations omitted).

Farmers Insurance Exchange v. Janzer (Mont. 1985), 697 P.2d 460, 461, 42 St.Rep. 337, 339. If the unanswered discovery pertains to a material issue, summary judgment may not be granted.

However, in this case the trial judge found, and we agree, that the unanswered discovery does not pertain to an issue properly before the court. The discovery relates primarily to Andrews' counterclaim against respondent. As the trial judge held, that counterclaim is barred by the doctrine of res judicata. Therefore, the unanswered

3

discovery does not pertain to any material issue and summary judgment is not barred.

Respondent initially sued for its attorney's fees in a Florida county court. Andrews' counterclaim involves whether the respondent earned those fees and whether it engaged in bad faith in its attempts to collect those fees. Since the counterclaim arises out of the same transaction as the underlying claim, it is a compulsory counterclaim under Florida's and Montana's rules of civil procedure. See Rule 13(a), M.R.Civ.P. and Rule 1.170(a), Fl.R.Civ.P. Generally, compulsory counterclaims must be filed in the original action or be forever lost. Rule 13, M.R.Civ.P. and Rule 1.170, Fl.R.Civ.P. Friedrichsen v. Cobb (1929), 84 Mont. 238, 250, 275 P. 267, 271.

We find no merit to Andrews' argument that the Florida court lacked jurisdiction over her counterclaim. Pursuant to Florida's rules of civil procedure, a counterclaim may seek relief which exceeds that in the original pleading. Rule 1.170(c), Fl.R.Civ.P. If the counterclaim exceeds the jurisdiction of the court in which the action is pending, the action may be removed to a court with proper jurisdiction. Rule 1.170(j), Fl.R.Civ.P. Therefore, Andrews' attorney in the Florida action should have pled this compulsory counterclaim and had the entire action transferred to a court of proper jurisdiction.

Since Andrews failed to raise the issue at the proper time, the doctrine of res judicata bars her from raising it now. "Once there has been full opportunity to present an issue for judicial decision in a given proceeding . . . the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked

4

piecemeal and without end." Wellman v. Wellman (1982), 198 Mont. 42, 45-46, 643 P.2d 573, 575, quoting Royal Coachman Color Guard v. Marine Trading & Transportation (Me. 1979), 398 A.2d 382, 384. The "full faith and credit" clause of the United States Constitution, art. IV, § 1, extends the doctrine of res judicata to judgments of other states.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices