No. 86-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JAMES ROBINSON and LORRAINE
ROBINSON,

        Plaintiffs and Appellants,

  -vs-

FIRST SECURITY BANK OF BIG TIMBER,
MONTANA, and LEONARD BRIEN,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Sixth Judicial District,
             In and for the County of Sweet Grass,
             The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Houtz, Forsyth, Montana

    For Respondent:

        Landoe, Brown, Planalp, Kommers & Johnstone;
        Gene I. Brown, Bozeman, Montana

---

Submitted on Briefs: August 7, 1986

Decided:   November 20, 1986

Filed:   NOV 20 1986

*Ethel M. Harrison*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the summary judgment entered in favor of defendant bank by the District Court of the Sixth Judicial District, Sweet Grass County. Plaintiff appeals. We affirm.

There is one issue in this case: Did the District Court err in granting summary judgment?

Appellants and Leonard K. Brien and Venetta F. Brien were partners in the purchase and operation of the Grand Hotel and Bar in Big Timber. First Security Bank of Big Timber loaned the Grand Hotel $35,000 on the personal guarantees of the Briens and the appellants. The Bank also made several other loans for operation of the Grand Hotel, and loans to Leonard Brien and appellants for an outside real estate venture. Appellants initially disputed some of these loans saying they were made to Briens personally. In April, 1982, the appellants and Briens were in default on the loan of $68,942.90 having failed to make payments for the prior 16 months. Appellants and Briens signed a new note for $72,942.90 (including $4,000 new money and a renewal of the existing obligation). The new note was secured by a mortgage on the Grand Hotel property. In May, 1982, an additional $6,500 was loaned for expenses. In October, 1982, the Bank filed a foreclosure action on the Grand Hotel property. In December, 1982, the Bank, appellants, and the Briens entered into an agreement. The appellants and the Briens were represented by counsel. The Bank agreed to stay the foreclosure proceedings for six months and reduce the interest rate on outstanding obligations to 10% per annum

effective September, 1982. The appellants and Briens agreed that the sum of $96,865.35 was "properly due and owing" to the Bank by them and that the debt was secured by a mortgage on the Grand Hotel property. They agreed:

> The [appellants and Briens] hereby irrevocably consent to entry by the court of judgment in favor of the [Bank] and against [them] in the foregoing amounts.. . .

The agreement further provided:

> 7. It is contemplated that near the end of the extension period, the parties may agree to a sale of the premises at private auction upon terms and conditions to be agreed upon between the parties. In the event that the terms of such a sale can be agreed upon by the parties, [appellants and Briens] shall execute a deed to the purchaser at such sale, free and clear of any right of redemption in [them], and consent to entry of a deficiency judgment in favor of the [Bank] and against [them] in the amount of the difference between the amounts owing to the [Bank] and the net proceeds of sale after expenses of sale, payment of the underlying obligation and any other amounts that may be required to be paid in order to convey good title to purchaser. In the event the parties are unable to agree, the property shall be sold at Sheriff's sale as provided in the law, and the purchaser [sic] shall be liable for any deficiency.

The Grand Hotel and Bar property was sold and appellants signed a note for the $19,000 deficiency.

In May, 1985, appellants filed this action alleging the Bank was negligent in loaning money to the Briens, and in not advising Robinsons they would be held responsible for the money loaned to the Briens, and initiating a foreclosure proceeding. Robinsons argue. that even if the consent agreement is valid, summary judgment should not have been granted because of the Bank's actions subsequent to the agreement, including the Bank's involvement in attempted sales and lease and later foreclosure. They contend their signature on the consent agreement was involuntary and obtained by duress. They contend the agreement is a fraud

because it is not an accurate reflection of the money owed by the Robinsons. They contend the Bank should be estopped from taking advantage of its own wrong while asserting its strict legal right. Appellants seek damages for breach of fiduciary duty, implied covenant of good faith and fair dealing, misrepresentation, constructive fraud, negligence, unfair trade practices, and deceptive practices.

The District Court granted summary judgment in favor of the Bank. In so doing, it stated:

> Plaintiffs Robinson not only signed a new promissory note to the bank for about $72,000.00 in April, 1982 which encompassed various prior notes and advances to Briens that Robinson (sic) now complain about, but Robinsons and Briens all signed a written agreement with the bank in December, 1982 reciting and settling their various loans and interest up to that time, upon which transaction Robinsons and Briens were all represented by counsel, and then Robinsons also signed another note after the foreclosure for a $19,000.00 deficiency.. . . Robinsons would now impeach and renounce all of their former actions and the instruments they executed by a suit filed several years later, but I feel their position is not only inconsistent with all their prior actions and declarations, but so legally and equitably unsound as to require summary judgment for the bank.

The sole issue before us is whether the District Court erred in granting summary judgment. We hold that it did not. Rule 56, M.R.Civ.P. permits summary judgment if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." In their shot-gun approach, appellants attempt to raise many factual disputes and theories that would preclude the granting of summary judgment. We will not respond to each theory and factual contention individually because this Court has held that "a compromise agreement, when the basis for a final judgment operates 'as a merger and bar all preexisting claims and causes of action.'" Webb v. First National Bank of Hinsdale

- 4 -

(Mont. 1985), 711 P.2d 1352, 1355, 42 St.Rep. 1919, 1921. In the same case, we held a compromise agreement which results in a dismissal with prejudice of the claims asserted constitutes a final judgment on the merits which bars any new actions. Id., at 1355, 42 St.Rep. at 1922.

In this case, the appellants not only signed a new promissory note in April, 1982, which encompassed all prior loans, but they also acknowledged the debt in the December, 1982, consent agreement, then signed another note for the deficiency after the hotel was sold.

The claims that appellants now seek to enforce all arose out of the amount loaned to the Robinsons and its repayment. These claims were all compulsory counterclaims pursuant to Rule 13(a), M.R.Civ.P. because they all arose out of the same transaction or occurrence that was the subject matter of the Bank's foreclosure suit. O'Neal, Booth and Wilkes v. Andrews (Mont. 1986), 712 P.2d 1327, 43 St.Rep. 120; Wellman v. Wellman (1982), 198 Mont. 42, 643 P.2d 573.

Since all these claims were compulsory counterclaims, the dismissal with prejudice of the first claim based on the consent agreement concluded all pre-existing claims between the parties. The claims appellants raise now are res judicata, and summary judgment was properly granted. Judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 5 -