FILED

12/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0514

DA 17-0514

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 309N

MICHAEL ELLENBURG,

Plaintiff and Appellant,

v.

LEROY KIRKEGARD, et al.,

Defendants and Appellees.

APPEAL FROM:     District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV-16-92
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michael Ellenburg, Self-Represented, Deer Lodge, Montana

For Appellees:

Michael R. King, Risk Management & Tort Defense Division, Helena, Montana

Ira Eakin, Montana Department of Corrections, Helena, Montana

Submitted on Briefs:  November 15, 2017

Decided:  December 12, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Ellenburg is an inmate in the Montana State Prison (MSP). He brought suit in November 2016 against former and current employees of the Department of Corrections (DOC) and of the Board of Pardons and Parole (Board) (collectively, the prison officials). Among other claims, the complaint alleged that the prison officials violated his rights in making decisions concerning his parole conditions and medical treatment and breached a 2015 settlement agreement. The Third Judicial District Court granted the prison officials summary judgment. Ellenburg appeals the summary judgment ruling and claims that the court should have allowed discovery before dismissing his case. We affirm.

¶3 This Court reviews a district court's grant of summary judgment de novo. *Wilson v. Brandt*, 2017 MT 290, ¶ 11, ___ Mont. ___, ___ P.3d ___ (citation omitted). A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). We review a district court's discovery ruling for an abuse of discretion. *Miller v. Goetz*, 2014 MT 150, ¶ 9, 375 Mont. 281, 327 P.3d 483.

¶4 Ellenburg is serving a twenty-five-year prison sentence arising from the revocation of his 1999 sentence for two felony convictions.[1] In January 2014, Ellenburg filed a complaint against several DOC employees in the Powell County District Court. He alleged in part that he was denied due process in his prison disciplinary proceedings, which potentially could affect a grant of his parole. Ellenburg and the DOC entered into a settlement agreement on June 2, 2015. The agreement stipulated that if Ellenburg could maintain 120 days of clear conduct, then a designated MSP official would submit a parole plan that would request an in-person appearance before the Board and would state that Ellenburg's previous discipline record was not relevant to his success on parole. As part of the settlement, Ellenburg agreed to dismiss four pending lawsuits against MSP, DOC, and their employees.

¶5 On July 8, 2015, Ellenburg achieved 120 days of clear conduct. On August 27, 2015, he had a reappearance before the Board. The Board denied his parole request but recommended placement in a pre-release center. Ellenburg returned to the Powell County District Court, claiming breach of the settlement agreement. The District Court construed the DOC employees' response to his renewed complaints as a motion for summary judgment and granted it. Ellenburg appealed the District Court's decision, and we affirmed. *Ellenburg v. Wilson*, No. DA 16-0057, 2016 MT 187N, ¶¶ 2, 10, 385 Mont. 539, ___ P.3d ___ (*Ellenburg 31*).

---

[1] This Court is familiar with Ellenburg's criminal history. Since 1999, Ellenburg has had thirty-three proceedings before this Court. He has filed ten direct appeals of his criminal conviction, revocation, and postconviction proceedings. He has appeared in twenty-three additional original proceedings and appeals, including this one.

¶6 This Court's unpublished decision upholding the settlement agreement concluded:

> Ellenburg clearly manifested intent to be bound by the settlement agreement when he signed it, and again when he filed suit alleging the DOC Defendants breached it. . . . The District Court correctly found that a valid, enforceable contract existed between Ellenburg and the DOC Defendants. [citation omitted.] Ellenburg has not shown that the DOC Defendants breached any of the settlement agreement's terms. The DOC Defendants have shown that Ellenburg has not dismissed his pending lawsuits as required by the settlement agreement. The District Court did not err in enforcing the settlement agreement.

*Ellenburg 31*, ¶ 9.[2]

¶7 On January 28, 2016, while his appeal was pending, Ellenburg had a parole hearing. The Board conditionally granted parole and required an Intensive Supervision Program (ISP) because Ellenburg's parole plan was not complete. Ellenburg sought relief through a petition for a writ of habeas corpus with this Court. He argued that the Board's decision rendered his incarceration illegal and that his due process rights and liberty interest were violated. After receiving a response from the DOC, we denied his petition. *Ellenburg v. Kirkegard and Board*, No. OP 16-0267, 385 Mont. 539, 382 P.3d 866 (table) (Jul. 26, 2016) (*Ellenburg 32*). We held that Ellenburg "failed to establish that he has not been afforded due process or that he has been deprived of statutory or constitutional rights." *Ellenburg 32*, at *4. We stated:

---

[2] Pursuant to this Court's Internal Operating Rules, an unpublished opinion "shall not be citeable as binding precedent, but may be cited when relevant to establishing the application of law of the case, res judicata, or collateral estoppel[]" (also known as issue preclusion). Sec. 1.(3)(a)(ii).

4

Ellenburg acknowledges that he personally appeared before the Board, that he provided testimony regarding ISP, and that he was provided a written case disposition. That is all the process due a potential parolee. *McDermott v. McDonald,* 2001 MT 89, ¶ 11, 305 Mont. 166, 24 P.3d 200 (internal citation omitted). *McDermott,* ¶¶ 11, 19. Ellenburg does not have a liberty interest in parole because he committed his crimes after 1989. *Board of Pardons v. Allen,* 482 U.S. 369, 376, 107 S. Ct. 2415, 2420 (1987).

*Ellenburg 32*, at *4.

¶8 Ellenburg's present appeal brings forth several lengthy and somewhat disconnected arguments. The focus of Ellenburg's claims appears to be that changes in the Board's parole practices violated the constitutional prohibition against ex post facto laws, and that the prison officials have violated the prior settlement agreement. Citing several federal cases and M. R. Civ. P. 56(f), Ellenburg also argues that the District Court should not have granted the motion for summary judgment "until necessary discovery and interrogatories information [are] entered [in] evidence to the Court." He concludes that, because his request for production of documents went unanswered, he has suffered "mistreatment" and has been unlawfully incarcerated for "(822) days after a legal, binding bi-lateral Parole Agreement was entered into law . . . ."

¶9 The prison officials respond that Ellenburg has waived issues he presented in the District Court but has not argued on appeal. We decline to address the claims Ellenburg did not include in his briefing to this Court. *State v. Ellenburg,* 2000 MT 232, ¶ 49, 301 Mont. 289, 8 P.3d 801. *See also Rieman v. Anderson,* 282 Mont. 139, 147, 935 P.2d 1122, 1127 (1997) ("An appellant carries the burden of establishing error by the trial court."). The prison officials next argue that the District Court correctly granted summary judgment and that most of Ellenburg's claims are barred by issue preclusion. They contend that this

5

Court's August 2016 decision resolved Ellenburg's challenges to his settlement agreement and that our July 2016 denial of his petition for habeas corpus precludes his challenge to the Board's parole decision.

¶10    "Issue preclusion bars a party from reopening an issue that was litigated and determined in a prior suit." *McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817, citing *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Four elements define issue preclusion:

> 1.  Was the issue decided in the prior adjudication identical to the issue raised in the action in question?
>
> 2. Was there a final judgment on the merits in the prior adjudication?
>
> 3. Was the party against whom preclusion is now asserted a party or in privity with a party to the prior adjudication?
>
> 4. Was the party against whom preclusion is now asserted afforded a full and fair opportunity to litigate the issue which may be barred?

*McDaniel*, ¶ 28; *see also Baltrusch*, ¶ 18, and *Kubacki v. Molchan*, 2007 MT 306, ¶ 12, 340 Mont. 100, 172 P.3d 594.  "All four of these elements must be met." *McDaniel*, ¶ 28 (referring to *Baltrusch*, ¶ 18 and *Kubacki*, ¶ 12).

¶11    We agree with the prison officials that Ellenburg's present challenges to the Board's parole decisions are precluded by our July 26, 2016 Order denying his petition for habeas corpus relief.  *Ellenburg 32*, at *5.  Ellenburg raised or could have raised his allegations concerning the Board's decision in his previous petition.  This Court's July 26, 2016 Order

was a final order, and Ellenburg was a party. Ellenburg had the opportunity in his petition to raise any other allegation concerning the legality of his imprisonment, and he did not. "A litigant cannot avoid preclusion by reframing the issue or raising novel contentions." *McDaniel*, ¶ 33 (citation omitted). Ellenburg is precluded from raising new challenges to the same parole decision.

¶12 Ellenburg also is precluded from raising new arguments concerning the 2015 settlement agreement. "Generally, a compromise agreement, when the basis for a final judgment[,] operates 'as a merger and bar of all preexisting claims and causes of action.'" *Webb v. First Nat'l Bank*, 219 Mont. 160, 163, 711 P.2d 1352, 1355 (1985) (citation omitted). Ellenburg was a party to the settlement agreement and later claimed that the agreement was breached. He appealed the District Court's decision granting the DOC employees' motion for summary judgment. We affirmed the court's decision, pointing out his intention to be bound by the agreement. *Ellenburg 31*, ¶ 9. Issue preclusion bars Ellenburg's challenge to the agreement or the prison officials' compliance with it.

¶13 Because Ellenburg sought to revive his challenges to the Board's parole decisions and to the settlement agreement, the District Court properly granted summary judgment on the basis of issue preclusion. *See Webb*, 219 Mont. at 165-66, 711 P.2d at 1356 (holding that a final judgment on a settlement agreement barred a new action on the same claim). Summary judgment is proper when the same parties have previously litigated the same issues "and were bound by the facts and conclusions determined by the [] final judgments . . ." in the prior proceedings. *Ass'n of Unit Owners of Deer Lodge Condominium v. Big Sky*, 245 Mont. 64, 76, 798 P.2d 1018, 1025 (1990).

7

¶14 Having determined that summary judgment was proper, we conclude that the District Court did not abuse its discretion in granting the motion before discovery was completed. Ellenburg never demonstrated "how the proposed discovery could preclude summary judgment." *Miller*, ¶ 15 (citation omitted).

¶15 The law recognizes "the policy that 'reciprocal rights flowing from a common source [should] be determined in a single action, thus avoiding not only unnecessary vexatious litigation but also the contingency of conflicting judgments . . . .'" *Webb*, 219 Mont. at 164, 711 P.2d at 1355 (citations omitted). Ellenburg has had several "bites of the apple." The District Court and this Court have ruled on the legality of the Board's decisions and the validity of the settlement agreement. Ellenburg has litigated those decisions and received final judgments. He is precluded from litigating those claims or related claims again.[3]

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We conclude that the District Court correctly granted summary judgment to the prison officials and did not abuse its discretion in denying Ellenburg discovery before ruling on their motion. The judgment is affirmed.

/S/ BETH BAKER

We Concur:

---

[3] We observe that pursuant to our September 20, 2011 Order, Ellenburg is required to file a motion for leave before filing any petition. *Ellenburg v. Mahoney*, No. OP 11-0523, 362 Mont. 545, 272 P.3d 125 (table) (Sept. 20, 2011).

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE