ORIGINAL

FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0445

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0445

CHERYL HOLDEN RICE,

Plaintiff and Appellant,

v.

JOHN KEELEY and JOAN KEELEY,

Defendants and Appellees.

FILED

DEC 15 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellees John Keeley and Joan Keeley (Keeleys) have moved the Court to dismiss the appeal with prejudice, filed contemporaneously with their appellate answer brief. Appellant Cheryl Holden Rice (Cheryl), currently represented pro se, responds in opposition.

This Court is familiar with the underlying civil action concerning a driveway dispute between the Keeleys' and Cheryl's real property. In October 2019, counsel for Cheryl appealed the Ravalli County District Court's decision awarding declaratory and injunctive relief to the Keeleys. In December 2019, the parties, along with their respective counsel, met for mandatory appellate mediation. The mediator's report filed with this Court indicated that the case had been settled. On January 21, 2020, upon an unopposed motion, this Court stayed that appeal pending implementation of the parties' settlement agreement. Subsequently, counsel for Cheryl moved to withdraw from representation on appeal, which this Court granted in April 2020. Following the filing of several status reports and issuance of orders on Cheryl's various motions filed with this Court, we held the matter in abeyance until the District Court could address Cheryl's objections to the settlement agreement, which she contended was invalid. The Keeleys moved for relief in the District Court, pursuant to this Court's previous orders. The District Court stayed a ruling on Keeleys' motion so the Ravalli County Board of Commissioners could hear Cheryl's appeal of the

denial of her proposed driveway approach access permit. On June 23, 2020, the District Court held a hearing on the enforcement of the settlement agreement and entered an Opinion and Order on July 31, 2020.

On September 9, 2020, this Court issued an order dismissing Cheryl's initial appeal due to proceedings that had been conducted thereafter. We opened another appeal to permit Cheryl to challenge the District Court's July 2020 Opinion and Order concerning the validity and enforcement of the settlement agreement. Both parties have now completed briefing, and on December 3, 2020, this appeal was forwarded to the Court for classification.

The Keeleys now move for dismissal of this appeal or, alternatively, to strike Cheryl's opening brief in whole or in part. They explain that Cheryl has "wholly failed to provide the Supreme Court any argument, analysis, or authority regarding enforceability of the settlement agreement, or any basis for which the District Court's Order RE: Motion to Enforce should be overturned[.]" They contend that Cheryl's brief contains statements and arguments not pertinent to the issue on appeal. The Keeleys point out that it is the appellant's burden to advance the legal argument and to provide authorities to establish error by a District Court. *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, 192 P.3d 695. They contend that Cheryl has not met this burden because she has not provided any legal argument or supporting authority for why the court's decision should be overturned. The Keeleys conclude this appeal should be dismissed with prejudice because she has not shown that the District Court's findings of fact are clearly erroneous or that its conclusions of law are incorrect.

Cheryl responds that this Court should deny the motion dismissing the appeal. She argues the Keeleys have failed to provide any "legal authority in requesting enforcement of Settlement Agreement." Cheryl raises other claims not pertinent in this appeal and requests this Court's denial of both alternatives requested by Keeleys in their motions.

Upon review, we agree with the Keeleys that Cheryl has not provided any authority to challenge the District Court's order on enforcement of the agreement. These parties, represented by counsel, reached and executed a settlement agreement concerning the

2

driveway dispute in 2019. We have held that "a compromise agreement, when the basis for a final judgment operates 'as a merger and bar [of] all preexisting claims and causes of action.'" *Robinson v. First Sec. Bank*, 224 Mont. 138, 141, 728 P.2d 428, 430 (1986) (quoting *Webb v. First National Bank of Hinsdale*, 219 Mont. 160, 163, 711 P.2d 1352, 1355 (1985) (internal citation omitted)). We have reviewed the briefs, recent pleadings, and the District Court's order. In a 28-page decision, the District Court addressed Cheryl's claims that the settlement agreement did not comport with M. R. App. P. 7(1); that there was no meeting of the minds; and that a lack of a contingency was fatal to the settlement agreement. The District Court addressed all arguments, answering them in the negative, and further determined the settlement agreement could not be rescinded on the basis of any mistake, or because of Cheryl's submitted documents. Cheryl's arguments about the enforcement of that agreement are unsupported by competent authority and are without merit. Accordingly,

IT IS ORDERED that the Keeleys' Motion to Dismiss Appeal with Prejudice is GRANTED, and this appeal is DISMISSED with prejudice.

The Clerk of the Supreme Court is directed to close this case and to issue remittitur.

The Clerk is also directed to provide a copy of this Order to Paige Trautwein, Clerk of District Court, Ravalli County, under Cause No. DV-18-132; to counsel of record; and to Cheryl Holden Rice personally.

DATED this _15_ day of December, 2020.

_____

_____

_____

_____

3

_____
Justices

4