No. 95-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

JOHN O. MILLER, IV,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Edmund F. Sheehy, Jr., Cannon and Sheehy,
Helena, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Elizabeth L. Griffing, Assistant Attorney
General, Helena, Montana

          Blair Jones, Stillwater County Attorney,
Columbus, Montana

FILED

SEP 10 1996

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:   June 20, 1996

Decided:   September 10, 1996

Justice Terry N. Trieweiler delivered the opinion of the Court.

The, defendant John O. Miller, IV, filed an amended petition for post-conviction relief in the District Court for the Thirteenth Judicial District in Stillwater County. The petition alleged that his guilty plea had not been entered in compliance with § 46-12-204(3)(b), MCA (1989), and that he received ineffective assistance of counsel. The District Court denied the petition. Miller appeals from that decision. We affirm the judgment of the District Court.

The issue on appeal is whether the District Court erred when it denied Miller's petition for post-conviction relief.

FACTUAL BACKGROUND

On January 14, 1991, John O. Miller, IV, was charged with two counts of deliberate homicide in violation of § 45-5-102, MCA. He retained James Goetz, a private attorney, to represent him, and in August 1991 he pled guilty to both counts. In exchange for his plea, the State agreed not to seek the death penalty, and to recommend that he receive two concurrent life sentences.

At his change of plea hearing, Miller confirmed that he had signed the acknowledgment of waiver of rights form, and that his attorney had discussed those rights with him. The District Court instructed him that he could receive a maximum penalty of two consecutive life sentences and then informed him of the rights waived upon entry of a guilty plea: the right to a trial by jury; the right to assistance of counsel at trial; the right to testify

2

on one's own behalf; the right to confront witnesses; the right to remain silent at trial; the right to have the charges proved beyond a reasonable doubt; and the right to appeal a finding of guilt. The District Court also expressly stated that it was not bound by the plea agreement recommended by the parties, and that the court could "impose any other sentence that would be appropriate under the law . . without regard to [the] plea bargain." Miller acknowledged that he understood his rights and the consequences of pleading guilty to the **crimes** charged.

The District Court accepted the guilty pleas. A presentence investigation report recommended that Miller receive two consecutive life sentences, and that he should not be eligible for parole in less than forty years.

On November 8, 1991, the District Court sentenced Miller to two concurrent life sentences. The District Court also imposed a condition that Miller not be eligible for parole for twenty-four years from the date of the sentencing order. Neither the conviction nor the sentence was appealed.

## DISCUSSION

Did the District Court err when it denied Miller's petition for post-conviction relief?

The standard of review of a district court's findings of fact is whether they are clearly erroneous. *State v.* Bower (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110. The standard of review of a district court's conclusions of law is whether the court's

interpretation of the law is correct. *State v. Sullivan* (1994), *266 Mont.* 313, 318, 880 P.2d 829, 832.

On appeal, Miller presents the following argument: (1) his guilty plea was invalid because it was not entered in strict compliance with the requirements of § 46-12-204(3)(b), MCA (1989); (2) the District Court's failure to strictly comply with § 46-12-204(3)(b), MCA (1989), gave rise to a right to appeal; and (3) attorney James Goetz provided ineffective assistance of counsel when he did not advise Miller of his right to appeal.

Ineffective assistance of counsel claims are analyzed by this Court pursuant to the two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668. First, the defendant must establish that his counsel's performance was not commensurate with the range of competence demanded of attorneys under similar circumstances. *Strickland,* 466 U.S. at 687. Second, the defendant must establish that "but for" inadequate performance by his counsel, the result would have been different. *Strickland,* 466 U.S. at 694.

We conclude that Miller's claim fails in both respects.

We start with the operative principle that there is

> no duty in all cases to advise of the right to appeal a conviction after a guilty plea. Rather counsel is obligated to give such advice only when the defendant inquires about appeal rights or when there are circumstances present that indicate that defendant may benefit from receiving such advice.

*Marrow v. United States* (9th Cir. 1985), 772 F.2d 525, 528.

4

Miller contends that he could have benefited from such advice because of the District Court's failure to strictly comply with § 46-12-204(3)(b), MCA (1989). At the time his guilty plea was entered, that statute required, in relevant part, that:

> (b) Before a judge accepts a plea of guilty, he must advise the defendant:
> (iii) that prior to entering a plea of guilty, the defendant and his counsel should have carefully reviewed Title 46, chapter 18, and considered the most severe sentence that can be imposed for a particular crime . . . .

Section 46-12-204(3)(b), MCA (1989). It is undisputed that, during the guilty plea hearing, the District Court did not use the words "most severe sentence," and failed to instruct Miller to review Title 46, chapter 18. However, we hold that, based on the facts of this case, the District Court's failure to strictly comply with § 46-12-204(3)(b), MCA (1989), was not prejudicial to Miller's rights, did not give rise to a right to appeal, and, concomitantly, cannot support Miller's claim that his attorney was ineffective.

Montana's Code of Criminal Procedure states, in relevant part:

> Elements of record court considers on review -- errors noticed. (1) Whenever the record on appeal shall contain any order, ruling, or proceeding of the trial court against the respondent [convicted person1 affecting his substantial rights on the appeal of said cause, together with any required objection of such respondent, the supreme court on such appeal shall consider such orders, rulings, or proceedings and the objections thereto and shall reverse or affirm the cause on said appeal according to the substantial rights of the respective parties, as shown upon the record. <u>No cause shall be reversed by reason of any error committed by the trial court against the appellant [convicted person] unless the record shows that the error was wreiudicial.</u>

5

Section 46-20-701, MCA (emphasis added). "To constitute reversible error, the trial court's actions must affect substantial rights of the party." *State v. Bradley* (1995), 269 Mont. 392, 395, 889 P.2d 1167, *1168*. We have interpreted § 46-20-701, MCA, to require that "[w]hen prejudice is alleged in a criminal case the prejudice will not be presumed, rather, it must be established from the record that a substantial right was denied." *State v. Eichenlaub* (1995), 272 Mont. 332, 336-37, 901 P.2d 90, 93. In addition, "[w]hen assessing the prejudicial effect of an error, we examine the totality of the circumstances in which the error occurred." *Bower*, 254 Mont. at 6, *833* P.2d at 1109. Under the guidance of these principles, and after a thorough review of the record, we conclude that the District Court's failure to strictly comply with § 46-12-204(3)(b), MCA (1989), did not deprive Miller of the essential information to which he was entitled, and therefore, did not constitute prejudicial error.

The District Court informed Miller of the maximum penalty provided by law: a life sentence for each count, and that the sentences could be imposed consecutively. Miller acknowledged that he understood everything the District Court had told him.

In its order denying the petition for post-conviction relief, the District Court correctly observed that, while the exact words "most severe sentence" were not used, Miller was informed of the "maximum possible penalty." This purely semantic difference does not amount to prejudicial error. Likewise, the District Court

recognized that the failure to state that sentencing is governed by Title 46, chapter 18, did not prejudice Miller because "[t]hat information, standing alone, would not aid or benefit any criminal defendant in the least."

Since Miller could not have successfully appealed his sentence based solely on the District Court's failure to use the language of § 46-12-204(3)(b), MCA (1989), verbatim, we hold that, pursuant to *Strickland* and Marrow, counsel was not ineffective for not advising him of his right to appeal his sentence.

The District Court's denial of Miller's petition for post-conviction relief is, therefore, affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 10, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

EDMUND F. SHEEHY, JR.
Cannon and Sheehy
P.O. Box 5717
Helena, MT 59604-5717

Hon. Joseph P. Mazurek, Attorney General
Elizabeth L. Griffing, Assistant A.G.
215 North Sanders
Helena, MT 59620

Blair Jones
Stillwater County ?Attorney
P.O. Box 179
Columbus, MT 59019-0179

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy