No. 00-839

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 270

STATE OF MONTANA,

Plaintiff and Respondent,

v.

YVETTE MARGARET NALDER,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeremy S. Yellin, Attorney at Law, Fort Benton, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,

Assistant Attorney General, Helena, Montana

David G. Rice, Hill County Attorney, Havre, Montana

Submitted on Briefs: August 2, 2001
Decided: December 18, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Yvette Margaret Nalder (Nalder) appeals from an order entered by the Twelfth Judicial District Court, Hill County, denying her motion to suppress. We affirm.

¶2 The sole issue on appeal is whether the District Court erred in denying Nalder's motion to suppress.

BACKGROUND

¶3 On January 21, 2000, acting on an anonymous tip, law enforcement officers certified in methamphetamine laboratory raids obtained a valid search warrant in Havre, Montana, and conducted a raid on a suspected methamphetamine laboratory located in the apartment of Judy Savage (Savage). Prior to the raid, officers had no suspicions with regard to Nalder. When officers entered the apartment, both Savage and Nalder were present. Agent Joe Wodnik (Wodnik) from the Montana Department of Justice (DOJ) heard a toilet running and saw Nalder standing in the kitchen near what appeared to be a jar with a substance in the first stage of the methamphetamine-producing process. He handcuffed Nalder and removed her from the residence. Upon a cursory search of the apartment, items were discovered which appeared to be connected with the production of methamphetamine and Nalder was placed under arrest. Nalder was transported to the Hill County Detention Facility, where DOJ agents interviewed her. During the interview, Nalder admitted to flushing substances used to make methamphetamine down the toilet when she heard the officers announce themselves.

¶4 The State of Montana (State) charged Nalder with one count of tampering with physical evidence. Nalder subsequently filed a motion to suppress her statements and dismiss the charge on the grounds that probable cause did not exist for her warrantless arrest. The District Court held a suppression hearing in which DOJ agents Scott Rogstad and Wodnik testified. The court later denied Nalder's motion, concluding law enforcement had

probable cause to arrest her without a warrant. Nalder subsequently pled guilty to the charge of tampering with physical evidence, reserving her right to appeal the denial of her motion to suppress. The District Court sentenced Nalder and entered judgment, and Nalder appeals.

## STANDARD OF REVIEW

¶5 We review a district court's ruling on a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether its interpretation and application of the law are correct. *State v. Reesman*, 2000 MT 243, ¶ 18, 301 Mont. 408, ¶ 18, 10 P.3d 83, ¶ 18.

## DISCUSSION

¶6 Did the District Court err in denying Nalder's motion to suppress?

¶7 The District Court denied Nalder's motion to suppress, concluding law enforcement officers had probable cause to arrest Nalder based on the facts and circumstances within their knowledge which reasonably led them to believe Nalder was committing a crime. Nalder asserts that certain of the court's findings are erroneous and, as a result, its conclusion that probable cause existed for her arrest is incorrect.

¶8 Nalder first asserts the District Court erred in finding that "[i]t is uncontradicted that the officers announced twice that they were the police and received no response" before entering the apartment. Nalder claims--and so testified at the suppression hearing--that she did not hear any knocking prior to the officers' entry; law enforcement officers testified, however, that they knocked and announced their identity two or three times before entering. Even assuming Nalder did not hear knocking prior to the officers' entry, that failure to hear does not constitute evidence contradicting the officers' testimony that they did so. Accordingly, the District Court's finding is supported by substantial evidence and is not otherwise clearly erroneous.

¶9 Nalder next asserts, and the State agrees, that the District Court's finding that the officers broke the door to enter Savage's apartment is not supported by substantial evidence. The record clearly indicates the door was unlocked and it was unnecessary for the officers to "break" it to enter the apartment. The State contends, however, that the District Court's error was not prejudicial to Nalder.

¶10 Section 46-20-701(1), MCA provides that "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." In order to show prejudice, Nalder must establish via the record that her substantial rights have been denied and we must examine the totality of the circumstances in which the error occurred. *See State v. Miller* (1996), 278 Mont. 231, 235, 924 P.2d 690, 692 (citations omitted). Presumably, Nalder argues the court relied on the officers' breaking the door as part of the totality of circumstances that led it to conclude there was probable cause to arrest her. Nalder does not point to any evidence of record showing that her substantial rights have been denied, however, or precisely how she has been prejudiced as a result of the District Court's error. Accordingly, we conclude that the District Court's error was not prejudicial to Nalder.

¶11 Nalder also contends the District Court erred when it found that the officers witnessed Nalder coming from the vicinity of the bathroom. However, Nalder testified she was exiting the bathroom when the officers were coming through the door of the residence and Wodnik testified he observed Nalder several feet back of the doorway in the kitchen, which is directly adjacent to the bathroom. Substantial evidence of record clearly supports the District Court's finding that Nalder was in the vicinity of the bathroom, and the finding is not otherwise clearly erroneous.

¶12 Nalder further contends the District Court erred when it concluded law enforcement acted reasonably in arresting appellant without a warrant because she was present in a residence where drugs were found and observed in the vicinity of the bathroom shortly after officers heard a toilet running. The State argues there was probable cause to arrest Nalder based on circumstances within the officers' knowledge and training which led them to reasonably believe that Nalder was committing, and had just committed, a crime.

¶13 Section 46-6-311(1), MCA, provides that a peace officer may arrest a person without a warrant if the officer "has probable cause to believe that the person is committing an offense or that the person has committed an offense and existing circumstances require immediate arrest." "Probable cause to arrest is established if the facts and circumstances within an officer's personal knowledge . . . are sufficient to warrant a reasonable person to believe that someone is committing or has committed an offense." *State v. Williamson*, 1998 MT 199, ¶ 12, 290 Mont. 321, ¶ 12, 965 P.2d 231, ¶ 12 (citations omitted).

¶14 In the present case, the officers who conducted the raid on Savage's apartment were extensively trained and specially certified to deal with methamphetamine laboratories.

Upon entering the residence, Wodnik observed Nalder in the kitchen near ingredients commonly used in the production of methamphetamine. Specifically, Wodnik testified Nalder was standing a couple feet away from a Mason jar filled with a white substance which, pursuant to his training, appeared to Wodnik to be the first stage of the methamphetamine-producing process. Moreover, on Wodnik's entry into the kitchen, he heard the toilet flushing, observed that Nalder was the only individual in the vicinity of the bathroom and was concerned, based on his training, that evidence may have been destroyed. After removing Nalder from the residence and prior to arresting her, officers searched the kitchen and found chemistry books and other ingredients used to make methamphetamine.

¶15 Nalder correctly asserts that her mere "presence at the scene of a crime does not justify . . . arrest." *State v. Hamilton* (1980), 185 Mont. 522, 528, 605 P.2d 1121, 1125 (citation omitted). She also correctly contends "there must be a showing of some connection with illegal or criminal activity by a defendant on the premises before there is probable cause to arrest him." *State v. Lenon* (1977), 174 Mont. 264, 269, 570 P.2d 901, 905 (citation omitted). Nalder claims she was in the kitchen area in close proximity to the methamphetamine ingredients because she was exiting the bathroom and necessarily had to walk through the kitchen to get to the rest of the apartment. She further asserts it is perfectly ordinary for humans to flush a toilet after using it for its intended purpose.

¶16 We recently held that, in determining probable cause for a warrantless arrest, a court must consider the totality of the circumstances, including the "quantity, or content, and quality or degree of reliability, of the information available to the officer." *See State v. Bauer*, 2001 MT 248, ¶ 28, 307 Mont. 105, ¶ 28, ___ P.3d ___, ¶ 28 (citation omitted). In addition, probable cause for a warrantless arrest is evaluated in light of a trained law enforcement officer's knowledge, taking into account all the relevant circumstances. *See Williamson*, ¶ 12. The officers in the present case received extensive training in what to reasonably expect while raiding a methamphetamine laboratory and probable cause is evaluated in accordance with their perceptions. Accordingly, we conclude the totality of the circumstances in this case, taken in light of the officers' training, is sufficient to establish probable cause for Nalder's arrest.

¶17 We hold the District Court did not err in denying Nalder's motion to suppress.

¶18 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ JIM RICE