No. 02-318

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 311N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JOHN O. MILLER, IV,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                    In and For the County of Stillwater, Cause No. DC 91-01,
                    Honorable Russell C. Fagg, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                John O. Miller, IV, Pro Se, Deer Lodge, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
                Assistant Attorney General; Helena, Montana

                John Petak III, Stillwater County Attorney, Columbus, Montana


                             Submitted on Briefs:  September 25, 2003

                                       Decided:  November 13, 2003


Filed:

                                     Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law; that the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and that the court's conclusions of law are correct. The following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 John O. Miller, IV (Miller), appeals the District Court's denial of his petition for postconviction relief. We affirm.

¶3 Miller was charged with committing two counts of deliberate homicide occurring on or about September 14, 1990. On August 2, 1991, Miller entered one Alford plea and one guilty plea to the two counts at a district court change of plea hearing. Prior to sentencing, a presentence investigation and psychological evaluation were conducted. The District Court then sentenced Miller to two concurrent life sentences. Miller filed a petition for postconviction relief in January of 1995 alleging he did not understand the maximum penalty possible, he was not aware his parole eligibility could be restricted, and the State breached the plea agreement by making a recommendation regarding how many years Miller should serve before becoming eligible for parole. Miller later amended his petition to include an ineffective assistance of counsel claim. The court denied Miller's petition and upheld his

2

conviction and sentence. On appeal, we affirmed the court's denial of Miller's petition for postconviction relief. *State v. Miller* (1996), 278 Mont. 231, 924 P.2d 690.

¶4 Miller filed a second petition for postconviction relief on February 6, 2002, well after the five-year statutory bar (in effect at the time of his conviction) for such petitions. This second petition alleged that Miller was denied effective assistance of counsel, Miller suffered from a serious mental disease or defect that should have rendered his guilty pleas unacceptable, the District Court imposed additional punishment based on Miller's serious mental disease or defect, and Miller was unable to present the petition in a timely manner because of his alleged mental disease or defect. After carefully reviewing the documents Miller submitted with his petition, the District Court denied Miller's petition without holding an evidentiary hearing. Miller presently appeals from this denial of his second petition for postconviction relief.

¶5 We review a district court's denial of a petition for postconviction relief to determine if the court's conclusions of law are correct and whether its findings of fact are clearly erroneous. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citation omitted). "Discretionary rulings in postconviction relief proceedings, including rulings relating to whether to hold an evidentiary hearing, are reviewed for abuse of discretion." *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9 (citation omitted).

¶6 The District Court followed the statutory guidelines for the filing of postconviction relief claims. Section 46-21-105(1), MCA. The court also closely examined the documentation Miller provided concerning his claim of severe mental disease or defect. No abuse of

3

discretion occurred. The court's findings of fact were not clearly erroneous. The court's

conclusions of law were correct. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ PATRICIA COTTER