No. 05-421

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 86N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

JOHN O. MILLER IV,

        Defendant and Appellant.

APPEAL FROM:     The District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DC 91-01,
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            John O. Miller IV, *pro se*, Deer Lodge, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            John Petak III, County Attorney, Columbus, Montana

Submitted on Briefs: March 8, 2006

Decided: April 25, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Miller appeals the order entered in the Twenty-Second Judicial District Court, Stillwater County, denying his motion to correct or modify his sentence. We affirm.

¶3 Miller was sentenced in an order dated November 13, 1991, to serve two concurrent life sentences for his convictions on two counts of deliberate homicide. Additionally, the sentencing order made Miller ineligible for parole for twenty-four years from the date of the order. Miller was also granted credit for time served prior to sentencing, though the sentencing order did not specify the dates of incarceration for which Miller was to receive credit.

¶4 In a *nunc pro tunc* order dated May 26, 2004, Miller was given credit for time served from January 10, 1991, to November 8, 1991. On April 12, 2005, Miller filed a

motion under § 46-18-117, MCA (1991) (repealed),[1] to correct or modify his sentence, arguing in part that the credit he received from the *nunc pro tunc* order should be applied to his parole eligibility date. The motion was denied by the District Court, and Miller presents the same argument on appeal. However, as noted by the District Court, no applicable statute requires that credit be applied to a defendant's parole eligibility date. *See* § 46-18-202, MCA (1991).

¶5   Miller also argues that the District Court improperly relied on a presentence psychological evaluation in issuing the sentence. However, a presentence investigation report may include a mental examination. *See* § 46-18-112, MCA (1991).

¶6   For the foregoing reasons, we conclude that Miller's sentence was not illegal.

¶7   Miller raises several other arguments, but as the State points out, "[n]one of these claims relate to the legality of the sentence and do not provide a basis for relief under" § 46-18-117, MCA (1991).

¶8   It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District

---

[1]The statute reads: "The court may correct an illegal sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court."

Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     Affirmed.


/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS