DA 08-0525

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 160N

JOHN O. MILLER,

    Plaintiff and Appellant,

v.

JAMES H. GOETZ,

    Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV-07-361B
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        John O. Miller (self-represented); Deer Lodge, Montana

        For Appellee:

        Kristin N. Hansen; Moore, O'Connell & Refling, P.C., Bozeman, Montana

                            Submitted on Briefs:  April 22, 2009

                                    Decided:  May 12, 2009

Filed:

        _____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Miller appeals from the Decision and Order of the District Court granting summary judgment to Goetz. We affirm.

¶3     Miller is serving a term of two concurrent life sentences for homicide convictions imposed on November 8, 1991. An express provision of the sentencing order was that Miller not be eligible for parole for twenty-four years from the date of the sentence, or November 8, 2015. Defendant Goetz represented Miller in the proceedings in 1991. Since then, Miller's various post-conviction petitions and motions have been denied and those decisions have been upheld (*State v. Miller*, 278 Mont. 231, 924 P.2d 690 (1996); *State v. Miller*, 2003 MT 311N; *State v. Miller*, 2006 MT 86N). These proceedings have involved various attacks upon Miller's sentence, and particularly the issue of credit for time served prior to sentencing. In 2006, we specifically rejected Miller's contention that credit for time served prior to sentencing affected his parole eligibility date. *Miller* (2006), ¶ 4. The restriction upon Miller's parole eligibility is a clear and separate provision of the original sentencing order and has nothing to do with any issue regarding credit for time served. Miller is not

2

eligible to be considered for parole until the passage of twenty-four years from the date of the original sentence.

¶4 In 2004 Miller sought help from Goetz, who had not represented him since 1991, in his quest to obtain credit for time served prior to sentencing and to have that credit alter his parole eligibility date. Goetz agreed to try to help Miller, and wrote letters and made phone calls on his behalf. After Miller increased the scope of the issues he wanted Goetz to address and after Miller's parents criticized Goetz's work, he withdrew from any further representation of Miller. Miller sued.

¶5 The District Court granted summary judgment to Goetz on Miller's claims of breach of warranty, breach of contract and breach of implied covenant of good faith and fair dealing. We have examined Miller's claims and the District Court's order and find that the District Court properly granted summary judgment to Goetz. Montana has not recognized the existence of express warranty claims against attorneys. Miller's breach of contract claim arises from the unsupportable contention that there was a single, on-going contract between Goetz and Miller since 1991. Miller's claim regarding the covenant of good faith and fair dealing similarly fails because he had no contract with Goetz.

¶6 We therefore affirm the September 8, 2008, Decision and Order of the District Court in his matter.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. Affirmed.

/S/ MIKE McGRATH


We concur:


/S/ JOHN WARNER
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON