JUSTICE WHEAT
delivered the Opinion of the Court.
¶1 John O. Miller (Miller) appeals from an order of the Twenty-Second Judicial District Court, Carbon County, granting summary judgment to Patrick G. Begley (Begley) and dismissing Miller’s claims against Begley.
¶2 The sole issue on appeal is whether the District Court erred in granting summary judgment to Begley.
BACKGROUND
¶3 In 1991, Miller pled guilty to two counts of deliberate homicide. Attorney James Goetz (Goetz) defended Miller against the homicide charges. In 2004, Goetz represented Miller in a matter regarding Miller’s parole restriction. Unhappy with Goetz’s representation in the parole matter, Miller sued Goetz for breach of contract, breach of express warranty, and breach of the covenant of good faith and fair dealing.
¶4 With the assistance of his mother and brother, Miller arranged for Begley to represent him on a limited basis, mainly to obtain discovery for his claim against Goetz. The relationship between Miller and Begley deteriorated within months, and Begley withdrew from representing Miller. Ultimately, Goetz obtained summary judgment against Miller, and the case was dismissed.
¶5 Miller then filed the present lawsuit against Begley, alleging breach of contract (two counts), breach of the covenant of good faith and fair dealing, and fraudulent deceit. Begley moved for summary judgment, which the District Court granted on the basis that Begley had reasonably assisted Miller with his claims against Goetz, and the dismissal of the Goetz claim was based on legal deficiencies unrelated to Begley’s legal services.
¶6 Miller appeals.
STANDARD OF REVIEW
¶7 This Court reviews a district court’s summary judgment ruling de novo, applying the same M. R. Civ. P. 56(c) criteria as the district court applied. Ternes v. St. Farm Fire & Cas. Co., 2011 MT 156, ¶ 18, 361 Mont. 129, 257 P.3d 352.
DISCUSSION
¶8 Whether the District Court erred in granting summary judgment *117 to Begley.
¶9 On appeal, Miller asserts genuine issues of material fact exist that preclude summary judgment on all of his claims against Begley. Specifically, Miller argues summary judgment on his breach of contract claims is not appropriate because he offered tangible evidence-affidavits from his mother and brother and recorded telephone conversations between himself and Begley-that Begley promised to pursue Miller’s claims against Goetz and depose Goetz, but did not do so. Miller asserts his bad faith claim is not precluded by summary judgment because he demonstrated that although Begley eventually withdrew from representation, claiming the Goetz claim was without merit, Begley was aware of the facts of Miller’s lawsuit against Goetz from the beginning and still agreed to provide services and accepted payment. Finally, Miller argues his deceit claim should survive summary judgment because the affidavits of his mother and brother demonstrate that while Begley promised them he would depose Goetz, he had actually “covertly”met with Goetz’s attorney and had agreed to waive all of Miller’s discovery rights and forgo deposing Goetz.
¶10 When reasonable minds cannot differ, questions of fact can be determined as a matter of law on a motion for summary judgment. Schmidt v. Wash. Contractors Group, Inc., 1998 MT 194, ¶ 6, 290 Mont. 276, 964 P.2d 34. The party moving for summary judgment bears the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Ternes, ¶ 18. We must view the evidence in a light most favorable to the party opposing summary judgment, and all reasonable inferences will be drawn in favor of that party. Ternes, ¶ 18. Once the moving party has met its initial burden, the burden shifts to the party opposing summary judgment to demonstrate substantial evidence exists, as opposed to mere denial, speculation, or conclusory statements, raising a genuine issue of material fact. Ternes, ¶ 18.
¶11 We conclude the District Court did not err in granting summary judgment to Begley. Miller’s breach of contract claims against Begley are based upon his allegation that Begley agreed to perform six specific legal services.[1] However, as the District Court noted, the record shows *118 Begley only agreed to assist Miller with discovery and, therefore, retained the right to exercise his professional judgment. Letters from Begley to Miller and/or his family are instructive on the scope of the parties’ agreement. For instance, Begley wrote in a July 23, 2008, letter: ‘Our agreement was and still remains [that] I would provide limited representation for purposes of assisting [Miller] with discovery and depositions.” The record demonstrates the parties did not have an express agreement that Begley conduct six specific services, and affidavits from Miller’s mother and brother are not sufficient to meet Miller’s burden of establishing the existence of genuine issues of material fact. See Sherrard v. Prewett, 2001 MT 228, ¶ 15, 306 Mont. 511, 36 P.3d 378 (conclusory statements are insufficient to raise genuine issues of material fact).
¶12 In addition, Miller has failed to demonstrate genuine issues of material fact exist regarding his bad faith claim. Although Miller claims Begley led Miller and his family on, the record demonstrates Begley repeatedly informed Miller and his family that Miller’s claims lacked merit, were unlikely to succeed, and were a waste of resources. Miller, apparently fixated upon procuring Goetz’s deposition and related discovery, ignored Begley’s warnings and advice. We agree with the District Court that no reasonable person could interpret Beglejf s conversations with Miller as supporting a finding that Begley made misrepresentations to Miller in an attempt to swindle his family out of money.
¶13 Similarly, Miller has failed to set forth evidence that precludes summary judgment on his claim Begley deceived him. Contrary to Miller’s assertion that Begley deceived him about obtaining Goetz’s deposition, the record demonstrates Begley indicated to Miller that deposing Goetz might be futile as he felt “[the district court] was moved by the argument that’s written by [Goetz] stating that, hey, there is no genuine issue of material fact.” Begley further elaborated: ‘I strongly believe that the judge is going to rule on issues that are not even close to anything that Goetz is going to say. He’s going to rule on the fact, he, he’s hammered on me three points of law today.” Miller’s claim that Begley deceitfully promised to depose Goetz is merely a self-serving assertion, which is unsupported by the record. See Sherrard, ¶ 15.
*119 CONCLUSION
¶14 Miller has failed to demonstrate any genuine issues of material fact exist that preclude summary judgment in the present case.
¶15 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES COTTER and MORRIS concur.

 Miller alleges Begley promised to (1) review the entire case file for Miller’s lawsuit against Goetz; (2) prepare and submit affidavit testimony of Miller and his mother and brother; (3) prepare, serve, and submit requests for admission and interrogatories from Goetz; (4) depose Goetz; (5) amend Miller’s lawsuit against Goetz to include theories of legal malpractice and misrepresentation; and (6) represent and *118 defend Miller at any summary judgment proceedings.