
DA 13-0839

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 150

JOHN O. MILLER,

       Plaintiff and Appellant,

   v.

JAMES H. GOETZ, ALLAN H. BARIS,
and TODD A. STUBBS,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 10-803A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John O. Miller, self-represented; Deer Lodge, Montana

      For Appellees:

          Michael F. McMahon, Denny K. Palmer; McMahon, Wall & Hubley,
PLLC; Helena, Montana

                       Submitted on Briefs:  May 8, 2014
                               Decided:  June 10, 2014

Filed:

                                _____
                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 John O. Miller appeals the rulings of the Eighteenth Judicial District Court, Gallatin County, denying his motion for a hearing on Defendants' motion for summary judgment and denying his motion to delay summary judgment briefing pending discovery.

¶2 Miller raises the following issues:

¶3 *1. Whether the District Court abused its discretion when it denied Miller's motion for a summary judgment hearing.*

¶4 *2. Whether the District Court abused its discretion when it denied Miller's motion to stay judgment pending completion of discovery.*

¶5 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶6 In 1991, Miller was sentenced to two concurrent terms of life in prison on his convictions of two counts of deliberate homicide. The terms of his sentence provided that he would not be parole eligible for twenty-four years. James Goetz represented Miller throughout the criminal proceedings. Following imposition of sentence, Miller attempted on several occasions to change his parole eligibility date. We rejected Miller's attempt to modify or correct his sentence in 2006. *State v. Miller*, 2006 MT 86N.

¶7 Goetz later attempted to help Miller with his parole eligibility claim. Unhappy with Goetz's representation, Miller filed a complaint against him, alleging breach of warranty, breach of contract and breach of the implied covenant of good faith and fair dealing. Allan Baris and Todd Stubbs represented Goetz in this civil action. Patrick

Begley represented Miller on a limited basis to assist him with discovery, but he soon withdrew his representation. The district court granted summary judgment to Goetz and we affirmed that decision. *Miller v. Goetz*, 2009 MT 160N.

¶8 The present appeal arises out of an action that Miller filed in 2010 against Goetz, Baris, Stubbs (Defendants), and Begley.[1] Miller alleged claims of deceit, malice and civil conspiracy arising from the alleged withholding of discovery in Miller's previous action against Goetz. On August 1, 2013, Miller filed a motion pursuant to M. R. Civ. P. 56(f) to stay summary judgment proceedings pending completion of discovery. Miller requested another stay of summary judgment proceedings on September 5, 2013. On September 16, 2013, the District Court denied both requests. Defendants moved for summary judgment on September 25, 2013. On October 2, 2013, Miller filed another Rule 56(f) motion as well as a "motion to stay briefing and for a remote video summary judgment hearing pursuant to Civil Rule 56(c)(2)(A) M. R. Civ. P." The court denied Miller's motions. Miller did not file a response to Defendants' motion for summary judgment. The Court granted the Defendants' motion for summary judgment on December 2, 2013, determining that Defendants were entitled to judgment as a matter of law on all of Miller's claims.

---

[1] Although Begley was a named defendant, he is uninvolved in the present appeal. In its order granting Defendants' motion for summary judgment, the court noted that Miller previously brought an action against Begley for breach of contract, breach of the covenant of good faith and fraudulent deceit. Begley prevailed on summary judgment and this Court upheld that ruling in *Miller v. Begley*, 2011 MT 230, 362 Mont. 115, 262 P.3d 1085.

## STANDARD OF REVIEW

¶9 We review for abuse of discretion a district court's decision to deny a hearing on a summary judgment motion. *SVKV, L.L.C. v. Harding*, 2006 MT 297, ¶ 19, 334 Mont. 395, 148 P.3d 584. Denial of a Rule 56(f) motion also is reviewed for abuse of discretion. *Rosenthal v. Co. of Madison*, 2007 MT 277, ¶ 23, 339 Mont. 419, 170 P.3d 493.

## DISCUSSION

¶10 *1. Whether the District Court abused its discretion when it denied Miller's motion for a summary judgment hearing.*

¶11 M. R. Civ. P. 56(c)(1)(B) states that "a party opposing the motion [for summary judgment] must file a response, and any opposing affidavits, within 21 days after the motion is served or a responsive pleading is due, whichever is later." This rule was amended in 2011 to be consistent with changes to Fed. R. Civ. P. 56. While the previous version of Rule 56(c) required a motion for summary judgment to be "served at least 10 days before the hearing," it did not discuss the filing of responsive or reply briefs. The current Rule 56(c)(1)(B), in contrast, provides a specific timeline within which a party must file a response brief. M. R. Civ. P. 56(e)(2) also discusses an opposing party's obligation to respond, stating that "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

4

¶12 Miller relies on our holding in *SVKV* where we stated that a party could not waive the right to a hearing merely by failing to file a response brief. *SVKV*, ¶ 32. This precedent predates the 2011 Rule change under which the right to a hearing on a motion for summary judgment is waived unless a party requests a hearing within fourteen days after the time for filing a reply brief has expired. M. R. Civ. P. 56(c)(2). The filing of a reply brief is permissive; such a brief may be filed within fourteen days after a response is served. M. R. Civ. P. 56(c)(1)(C). Thus, the right to a hearing is not triggered until a party files a response brief.

¶13 Although Miller requested a video summary judgment hearing while requesting a stay of proceedings, he did not file a response brief. In denying Miller's request for a stay of proceedings, the District Court made clear that Miller would have to file a response brief in order to be entitled to a hearing. The court stated, "Plaintiff requests a video appearance hearing on Defendants' pending Summary Judgment. As the Court has already denied a stay of proceedings, Plaintiff has not filed his Response to [Defendants'] Motion for Summary Judgment, and there is no Summary Judgment Hearing set at this time, Plaintiff's Motion is moot." Following the court's denial for a hearing on these grounds, Miller still had sufficient time to submit a timely response brief. He did not file a response and the court entered summary judgment against him. In its ruling, the court did not rely on Miller's lack of response. Instead, it properly analyzed the motion on the merits and correctly determined, pursuant to M. R. Civ. P. 56(c)(3), that there were no genuine issues of material fact and that Defendants were entitled to judgment as a matter

5

of law. *See Chapman v. Maxwell*, 2014 MT 35, ¶ 11, 374 Mont. 12, 322 P.3d 1029. Given Miller's failure to file a response brief, the District Court did not abuse its discretion by denying Miller's request for a hearing on Defendants' motion.

¶14 *2. Whether the District Court abused its discretion when it denied Miller's motion to stay judgment pending completion of discovery?*

¶15 M. R. Civ. P. 56(f) allows a party opposing summary judgment to file an affidavit showing that "for specified reasons, it cannot present facts essential to justify its opposition." The court may deny the motion or order a continuance for discovery. "A district court does not abuse its discretion in denying a M. R. Civ. P. 56(f) motion where the party opposing a motion for summary judgment does not establish how the proposed discovery could preclude summary judgment." *Rosenthal*, ¶ 38. A court need not force a party to undergo more discovery when the only reason to believe that additional evidence will materialize is the other party's hope of finding a "smoking gun." *Rosenthal*, ¶ 42.

¶16 Miller filed three Rule 56(f) motions. All three were based primarily upon the same reasoning—that the stipulated scheduling order allowed Miller until April 21, 2014, to complete discovery. The first two were filed prior to Defendants' motion for summary judgment and properly were denied by the District Court because they were not ripe for ruling. The court also ruled that the Defendants were allowed to file their motion for summary judgment at any time prior to the deadline in the stipulated scheduling order. Miller did not make any new arguments in his final Rule 56(f) motion and the court again denied it.

¶17 Miller argues that the court erred by not considering his final Rule 56(f) motion, which he submitted after Defendants filed their motion for summary judgment. He contends that he is entitled "to some Due Process Consideration on the legal Merits of his [Rule] 56(f) Affidavits." Miller supported his Rule 56(f) motion with the stipulated scheduling order, arguing that it granted him until April 21, 2014, to complete discovery. As the District Court pointed out in its order denying Miller's previous Rule 56(f) motions, nothing in the scheduling order precluded defendants from filing their motion for summary judgment at any time. *See also* M. R. Civ. P. 56(c)(1)(A). The scheduling order included a deadline for the filing of pretrial motions that required the parties to file any such motions *on or before* March 17, 2014.

¶18 Although the District Court did not discuss the proposed discovery that Miller intended to obtain, he has failed to demonstrate that the court abused its discretion. Miller made conclusory statements, such as asserting that he intended to discover that Defendants made deliberate misrepresentations. Miller's hope of finding a "smoking gun" during discovery does not preclude the court from denying his motion to extend discovery. *Rosenthal*, ¶ 42. Because Miller failed to establish any discoverable material that would have precluded summary judgment, the District Court did not abuse its discretion in denying Miller's Rule 56(f) motion.

¶19 We affirm.

/S/ BETH BAKER

7

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE