FILED

01/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0270

DA 16-0270

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 4N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOHN O. MILLER,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DC 91-01
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John O. Miller, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Nancy L. Rohde, Stillwater County Attorney, Columbus, Montana

Submitted on Briefs:  December 21, 2016

Decided:  January 10, 2017

Filed:

_____
               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John O. Miller appeals from the District Court's denial of his motion to withdraw his guilty plea.

¶3 In January 1991, Miller was charged with deliberate homicide for the killings of Kirk Aberle and Garrison Shupe. The State alleged that Miller had shot and killed both victims with a firearm and then set on fire the vehicle holding their bodies. The State gave notice of intent to seek the death penalty for the murders.

¶4 In August 1991, Miller, then represented by counsel James Goetz, entered a plea agreement under which Miller agreed to plead guilty to one count of deliberate homicide and enter an "Alford" plea to a second count of deliberate homicide. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). In exchange, the State agreed to withdraw its notice of intention to seek the death penalty and recommend two concurrent life sentences on the charges. The plea agreement contained no agreement regarding parole conditions. Miller signed an acknowledgment stating, in part, that "I understand that the County Attorney has agreed to recommend to the Court a sentence of two life sentences to run concurrently but I realize that such a recommendation is not binding upon the

2

Court in passing sentence." During the plea colloquy, the District Court advised Miller of the constitutional rights he would be waiving by entering pleas to the charges. The District Court also advised Miller as follows:

> Court: I am not bound to make a sentence that would be in accordance with the plea bargain, but I could impose any other sentence that would be appropriate under the law within the maximums provided by law for this kind of an offense without regard to the plea bargain. Do you understand that?
>
> Defendant: Yes, Your Honor.

¶5 The District Court accepted and imposed the concurrent life sentences recommended by the plea agreement. However, noting that the presentence investigation assessed Miller as continuing to be a "significant danger" to the public, and that Miller could be statutorily eligible for parole in 17 years, the court restricted Miller's eligibility for parole "for a period of 24 years from the date of this order," as "necessary for the protection of society."

¶6 Miller did not appeal from the judgment. In 1995, represented by counsel Edmund Sheehy, Miller filed a petition for postconviction relief that focused on the issue of parole eligibility, asserting that he was not aware of statutory parole provisions, not aware that his parole could be restricted by the sentencing court, and that the prosecutor, Blair Jones, had breached the plea agreement by requesting that Miller's parole be restricted for at least 17 and one-half years. An amended petition added claims that he was not advised of his right to appeal and that the District Court failed to give proper statutory advisories to Miller during the plea colloquy. The District Court denied

3

Miller's petition, which this Court affirmed. *State v. Miller*, 278 Mont. 231, 924 P.2d 690 (1996).

¶7 In 2002, Miller, pro se, filed another petition for postconviction relief alleging that he suffered from a serious mental disease or defect during the entire time the crimes occurred, his pleas were entered, the sentencing hearing was conducted, "and continuing until the present date," such that he was unable to form the necessary intent to commit a crime, as well as timely present these claims. Miller also claimed that his trial counsel rendered ineffective assistance for failing to raise a mental defect or disease defense and by advising Miller to deny that he suffered from a mental disease during the sentencing proceeding. The District Court held that Miller's petition was untimely, was barred as a subsequent petition, and was not meritorious. This Court affirmed. *State v. Miller*, 2003 MT 311N, No. DA 02-318, 2003 Mont. LEXIS 772.

¶8 In April 2005, Miller filed a second motion to modify his sentence (Miller's first motion to modify was granted to properly credit his time served), claiming that his sentence was illegal. The District Court denied the motion, and this Court affirmed. *State v. Miller*, 2006 MT 86N, No. DA 05-421, 2006 Mont. LEXIS 147.

¶9 Miller became parole-eligible in 2015. Former prosecutor Jones wrote a letter opposing parole, citing Miller's misconduct during incarceration. The current Stillwater County Attorney, Nancy Rohde, also wrote in opposition to Miller's parole request, citing community fears about Miller's release. Miller's parole request was denied by the Board of Pardons and Parole (Parole Board).

4

¶10 In January 2016, Miller filed a motion to withdraw his plea, claiming that he and the State had originally entered an agreement "whereby Miller would plead to two counts of Homicide in exchange for two life Sentences to run concurrent with no parole restrictions." He also claimed that the District Court impermissibly participated in making the plea agreement, and failed to provide proper statutory advisories during the plea colloquy. Miller alleged that his pleas were not entered voluntarily due to his counsel's misrepresentations to him that favorable parole conditions were included in the plea agreement, which constituted ineffective assistance of counsel. Miller also asserted that the State had breached the plea agreement by opposing his request for parole. In an extensive order, the District Court determined that the plea agreement was not breached by the prosecution's actions regarding Miller's parole request, that Miller's pleas were entered voluntarily, knowingly, and intelligently because Miller had provided no objective evidence that would support a belief that the State had agreed not to oppose, or Miller would be granted, early release, and that, despite some procedural errors by the sentencing court in giving the statutory advisories, none of these errors violated Miller's due process rights, or any other constitutional right, nor constituted good cause to permit him to withdraw his pleas. The District Court also rejected Miller's claims of ineffective assistance of counsel or inappropriate contact with the District Court regarding the plea agreement.

¶11 Miller challenges the rulings of the District Court on these issues. Under the law governing Miller's case, a defendant may withdraw his plea at any time "for good cause

shown." Section 46-16-105(2), MCA (1991). This Court reviews a district court's denial of a motion to withdraw a guilty plea de novo, because whether a plea was entered voluntarily is a mixed question of law and fact. *State v. Valdez-Mendoza*, 2011 MT 214, ¶ 12, 361 Mont. 503, 260 P.3d 151.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact were not clearly erroneous and its interpretation and application of the law was correct.

¶13 Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER