FILED

05/30/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0726

DA 16-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 130N

PAT M. GOODOVER, II,

      Plaintiff and Appellant,

   v.

STEPHANIE OBLANDER; SMITH OBLANDER PC,
SMITH OBLANDER & MORA PC,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. ADV-16-279
                 Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Pat M. Goodover, II (Self-Represented), Great Falls, Montana

      For Appellees:

          Steven J. Fitzpatrick, Browning, Kaleczyc, Berry & Hoven, P.C.,
          Great Falls, Montana

Submitted on Briefs:  May 3, 2017

Decided:  May 30 2017

Filed:

                                       
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Beginning in 2012, Smith Oblander represented Robert Hopkins in a law suit against Pat Goodover and Goodover's Great Falls property management/real estate business.  The suit arose from a home foreclosure proceeding against Hopkins.  Hopkins alleged that after he was evicted from his home, Goodover converted and allowed others to convert Hopkins' personal property that remained in the home.  The Hopkins' suit was litigated for approximately three years before the parties settled in December 2015.

¶3     In March 2016, Goodover initiated this action against Smith Oblander alleging multiple acts of misconduct in the Hopkins' litigation, including actual and constructive fraud, negligent misrepresentation, actual malice, abuse of process, and malicious prosecution.  Smith Oblander moved to dismiss under M. R. Civ. P. 12(b)(6), and Goodover objected.  On July 11, 2016, after receiving materials outside of the record from both parties, the Eighth Judicial District Court converted the motion to dismiss to a motion for summary judgment under M. R. Civ. P. 12(d).  Goodover promptly filed a M. R. Civ. P. 56(f) motion seeking additional time to respond to the court's Rule 12(d) order and attaching his affidavit and several discovery requests.  Smith Oblander opposed

Goodover's motion arguing, in part, that Goodover failed to establish how the discovery could preclude summary judgment or was material to the motion for summary judgment.

¶4      While Goodover's Rule 56 motion was pending, Smith Oblander moved to file the Hopkins' settlement agreement under seal with the District Court. Goodover objected but the court granted Smith Oblander's motion and the agreement was filed with the court. After reviewing the legal elements of Goodover's various claims, the District Court granted summary judgment in favor of Smith Oblander and denied Goodover's Rule 56 motion. Goodover appeals.

¶5      We review a district court's order granting summary judgment de novo using the same standards applied by the district court under M. R. Civ. P. 56. *Swanson v. Consumer Direct*, 2017 MT 57, ¶ 12, 387 Mont. 37, 391 P.3d 79. We review a district court's rulings regarding discovery and the admission of evidence for an abuse of discretion. *City of Missoula v. Mt. Water Co.*, 2016 MT 183, ¶ 18, 384 Mont. 193, 378 P.3d 1113 (citations omitted).

¶6      Goodover argues on appeal that the District Court erred in granting summary judgment and in allowing the Hopkins' settlement agreement to be filed with the court. He further claims that the District Court erred in deciding "the facts and circumstances of the case" and the merits of his claims of actual fraud, negligent misrepresentation, and actual malice.

¶7      The District Court's detailed order in this case set forth the necessary elements of Goodover's claims for actual and constructive fraud, negligent misrepresentation, malicious prosecution, and abuse of process. It identified those elements in each claim that

3

had not been satisfied and explained why each claim failed. It also noted that actual malice is not a claim but rather is a standard for punitive damages. The court held that because Goodover's substantive claims failed, he was not entitled to damages. The court's factual findings are supported by the record and its interpretation and application of relevant rules and cases is correct. We therefore affirm the District Court's rulings as to these claims.

¶8 Relying on *Miller v. Goetz,* 2014 MT 150, ¶ 15, 375 Mont. 281, 327 P.3d 483, the District Court noted its authority to deny a Rule 56 motion "where the moving party fails to establish how the proposed discovery could preclude summary judgment." The court reviewed Goodover's five discovery requests and stated that the requests were primarily "objectionable requests seeking legal conclusions, punitive damage information, and [Goodover's] subjective beliefs about the underlying claims." The District Court concluded that the discovery requests were "unlikely to yield the favorable information" Goodover anticipated and that they had "no bearing on the [c]ourt's summary judgment analysis." The record supports the District Court's conclusion to deny Goodover's Rule 56 motion.

¶9 Goodover also asserts on appeal that the District Court was "clearly influenced" by the terms of the settlement agreement in determining that Goodover had not prevailed in the Hopkins' case and therefore his malicious prosecution claim could not stand. He argues that M. R. Evid. 408 (Rule 408) precludes the admission of compromises and offers to compromise. Rule 408 states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as

4

to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

¶10 The plain language of the Rule excludes a settlement agreement from being offered to prove liability or the validity of a claim but allows a settlement agreement to be offered for "another purpose." In this case, the settlement agreement was not offered to prove that Goodover was liable in the Hopkins' case; rather, it was offered to establish, under *Vehrs v. Piquette*, 210 Mont. 386, 684 P.2d 476 (1984), that Goodover was not the prevailing party in the Hopkins' matter. In *Vehrs*, we clearly stated that "A proceeding that terminates indecisively because of a settlement . . . agreement does not meet the requirements of a cause of action for malicious prosecution." *Vehrs*, 210 Mont. at 392, 684 P.2d at 479. Moreover, as argued by Smith Oblander on appeal, the terms of the settlement agreement supported the conclusions that Smith Oblander had probable cause for bringing the Hopkins' case and that it had no improper ulterior motive, i.e., elements of a claim for malicious prosecution and abuse of process. The District Court correctly interpreted the applicable rule of evidence and case law and did not abuse its discretion by admitting the settlement agreement under seal.

¶11 As conceded by Goodover, his M. R. Civ. P. 11(b) claim is not appealable.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the District Court's findings of fact are not clearly erroneous, its interpretation and application of the law were correct, and its ruling was not an abuse of discretion.

¶13   Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON